UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS LTD. INVESTMENT LITIGATION | CASE NO. 12-MD-2338 (VM) |
| JOSEPH DEANGELIS, *et al.*,<br><br>                Plaintiffs,<br><br>    -against-<br><br>JON S. CORZINE, *et al.*,<br><br>                Defendants. | CASE NO. 11-CIV-07866 (VM)<br><br>**ECF CASE** |
| THIS DOCUMENT RELATES TO:<br><br>The Commodity Customer Class Action | |

**THE SECURITIES PLAINTIFFS' LIMITED OBJECTION TO THE PROPOSED SETTLEMENT AMONG THE SIPA TRUSTEE, THE CUSTOMER REPRESENTATIVE PLAINTIFFS, AND JPMORGAN CHASE BANK, N.A.**

The Virginia Retirement System and Her Majesty The Queen In Right Of Alberta (the "Securities Plaintiffs"), Court-appointed Lead Plaintiffs in *In re MF Global Holdings Limited Securities Litigation*, which is related to the Commodity Customer Class Action, do not object to the fundamental terms of the proposed settlement among the SIPA Trustee, the Customer Representative Plaintiffs, and JPMorgan Chase Bank, N.A. ("JPMorgan"). In fact, the Securities Plaintiffs agree with the SIPA Trustee's conclusion that the $100 million Distributed Cash Payment and $200 million of Remitted Clearance Collateral are "traceable" to the former commodity customers of MF Global Inc. ("MFGI") and should therefore be distributed to them.[1]

The Securities Plaintiffs do object, however, to the characterization of the $200 million of Remitted Clearance Collateral as "an advance from the general estate" for allocation to MFGI's former 4d and 30.7 Customers.[2] The Securities Plaintiffs object to such a characterization because the entire $300 million ($100 million Distributed Cash Payment plus $200 million of Remitted Clearance Collateral) should be distributed directly to MFGI's former 4d and 30.7 Customers and should reduce those customers' dollar-for-dollar damages and any alleged customer "shortfall."

The Securities Plaintiffs similarly object to the assertion that future claims "might be asserted by the MFGI general estate or its creditors on account of any claims to which it or they

---

[1] Ex. 2 to Declaration of Andrew J. Entwistle in Support of Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with JPMorgan Chase Bank, N.A. (filed 3/19/2013) [ECF No. 470-9] at 26 ¶50; Joinder of SIPA Trustee to Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with JPMorgan Chase Bank, N.A. (filed 3/19/2013) [ECF No. 471] at 3 ¶4.

[2] Memorandum of Law in Support of Plaintiffs' Motion for Final Approval of Proposed Settlement with JPMorgan Chase Bank, N.A. (filed 5/29/2013) [ECF No. 486] at 2-3, 11, 22; Joint Declaration of Merrill G. Davidoff and Andrew J. Entwistle in Support of Plaintiffs' Motion for Final Approval of Proposed Settlement with JPMorgan Chase Bank, N.A. (filed 5/29/2013) [ECF No. 487] at 4 ¶8 & 5 ¶9.

are subrogated as a result of the allocation of general estate property to remedy any shortfall in the available pool of customer property."[3]

The Securities Plaintiffs respectfully submit that if the Court approves the settlement, it should expressly reject the attempted characterization of the $200 million of Remitted Clearance Collateral as an advance from the general estate or at least expressly decline to consider such an attempted characterization and preserve the Securities Plaintiffs' right to challenge that characterization at a later time.

Finally, as the Court is aware, all of the parties in the related MF Global cases are presently engaged in an attempt to reach a global resolution with the various defendants in the respective cases. Against this backdrop, the Securities Plaintiffs are particularly concerned with the structure of the proposed settlement that the SIPA Trustee, the Customer Representative Plaintiffs, and JPMorgan seek to employ. Without divulging any aspects of the ongoing settlement negotiations, the Securities Plaintiffs believe that if the $200 million of Remitted Clearance Collateral is approved as an advance from the general estate it will hinder and delay the parties' ability to reach a global resolution in the above-captioned action and related MF Global matters.

Dated: June 12, 2013　　　　　　　　　　**BERNSTEIN LITOWITZ BERGER &**
New York, New York　　　　　　　　　　**GROSSMANN LLP**

　　　　　　　　　　　　　　　　　　　　By: __/s/ Salvatore J. Graziano__
　　　　　　　　　　　　　　　　　　　　Salvatore J. Graziano
　　　　　　　　　　　　　　　　　　　　Hannah G. Ross
　　　　　　　　　　　　　　　　　　　　1285 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　New York, NY 10019
　　　　　　　　　　　　　　　　　　　　(212) 554-1538
　　　　　　　　　　　　　　　　　　　　(212) 554-1444 (fax)

---

[3] Proposed Final Judgment and Order of Dismissal with Prejudice (filed 5/29/2013) [ECF No. 485-1] at 6-7, definition of "Released SIPA Trustee Claims."

**LABATON SUCHAROW LLP**
Jonathan M. Plasse
Javier Bleichmar
140 Broadway
New York, NY 10005
(212) 907-0863
(212) 883-7063 (fax)

*Co-Lead Counsel For The Securities
Plaintiffs And The Proposed Class*