UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH DEANGELIS,

Plaintiff,

-against-

JON S. CORZINE, *et al.*,

Defendants.

Civil Action No.
11 Civ. 7866 (VM) (JCF)

ECF Case

SAPERE CTA FUND, L.P.,

Plaintiff,

-against-

JON S. CORZINE, *et al.*,

Defendants.

**ORAL ARGUMENT REQUESTED**

Civil Action No.
11 Civ. 9114 (VM)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT J.C. FLOWERS & CO. LLC's MOTION TO DISMISS THE AMENDED COMPLAINT**

Dated: New York, New York
December 6, 2013

DEBEVOISE & PLIMPTON LLP
Maeve O'Connor
Helen V. Cantwell
David Gopstein
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6838

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..... 1

THE COMPLAINT ..... 2

ARGUMENT ..... 3

I. STANDARD ON A MOTION TO DISMISS ..... 3

II. SAPERE DOES NOT PLAUSIBLY ALLEGE DIRECT LIABILITY ..... 4

III. SAPERE DOES NOT PLAUSIBLY ALLEGE VICARIOUS LIABILITY ..... 4

A. Sapere Does Not Plausibly Allege That Corzine Was JCF's Agent ..... 5

1. Actual Authority ..... 5

2. Apparent Authority ..... 7

3. Role at JCF ..... 8

B. Sapere Does Not Plausibly Allege That Schamis Was JCF's Agent ..... 8

CONCLUSION ..... 11

**TABLE OF AUTHORITIES**

**CASES**

*Adams v. Labaton, Sucharow & Rudoff LLP*, No. 07 Civ. 7017, 2009 WL 928143 (S.D.N.Y. Mar. 20, 2009) ....................7

*American Fin. Int'l Grp.-Asia, L.L.C. v. Bennett*, No. 05 Civ. 8988, 2007 WL 1732427 (S.D.N.Y. June 14, 2007)....................4

*Anastasia Int'l, Inc. v. EM Online Pty Ltd.*, No. 13 Civ. 2919, 2013 WL 5550211 (S.D.N.Y. Oct. 4, 2013) ....................9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................3

*Bavaria Int'l Aircraft Leasing GMBH v. Clayton, Dubilier & Rice, Inc.*, No. 03 Civ. 0377, 2003 WL 21767739 (S.D.N.Y. July 30, 2003) ....................8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ....................3

*Binks v. DSL.net, Inc.*, C.A. No. 2823-VCN, 2010 WL 1713629 (Del. Ch. Apr. 29, 2010) ..........4

*Butto v. Collecto Inc.*, 802 F. Supp. 2d 443 (E.D.N.Y. 2011) ....................6

*Campo v. Sears Holdings Corp.*, 635 F. Supp. 2d 323 (S.D.N.Y. 2009) ....................2

*Cannon v. Douglas Elliman*, No. 06 Civ. 7092, 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007) ....................9

*Cromer Fin. Ltd. v. Berger*, 137 F. Supp. 2d 452 (S.D.N.Y. 2001) ....................5, 6, 9

*Dinaco, Inc. v. Time Warner, Inc.*, 346 F.3d 64 (2d Cir. 2003)....................6

*Fried v. LVI Servs., Inc.*, No. 10 Civ. 9308, 2011 WL 2119748 (S.D.N.Y. May 23, 2011)....................8, 9, 10

*Global Crossing Estate Representative v. Winnick*, 04 Civ. 2558, 2006 WL 2212776 (S.D.N.Y. Aug. 3, 2006) ....................10

*In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170 (2d Cir. 2013) ....................11

*In re Global Crossing, Ltd. Sec. Litig.*, No. 02 Civ. 910, 2005 WL 1881514 (S.D.N.Y. Aug. 5, 2005) ....................10

*In re Parmalat Sec. Litig.*, 501 F. Supp. 2d 560 (S.D.N.Y. 2007)....................7, 8

*In re Sharp Int'l Corp.*, 403 F.3d 43 (2d Cir. 2005) ....................11

*LaCourte v. JP Morgan Chase & Co.*, No. 12 Civ. 9453, 2013 WL 4830935 (S.D.N.Y. Sept. 4, 2013) ....................7

*Muang Ng We & Massive Atlantic Ltd. v. Merrill Lynch & Co.*, No. 99 CIV. 9687, 2000 WL 1159835 (S.D.N.Y. Aug. 15, 2000) ....................9

*Munoz-Nagel v. Guess, Inc.*, No. 12-CV-1312, 2013 WL 1809772 (S.D.N.Y. Apr. 30, 2013) ....................9

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013) ....................4

*Nuevo Mundo Holdings v. Pricewaterhouse Coopers LLP*, No. 03 Civ. 0613, 2004 WL 112948 (S.D.N.Y. Jan. 22, 2004) ....................5

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12 Civ. 2837, 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012) ....................4

*Prop. Advisory Grp., Inc. v. Bevona*, 718 F. Supp. 209 (S.D.N.Y. 1989) ....................6

*Roussin v. AARP, Inc.*, 664 F. Supp. 2d 412 (S.D.N.Y. 2009) ....................2

*Shapiro v. Kronfeld*, No. 00 Civ. 6286, 2004 WL 2698889 (S.D.N.Y. Nov. 24, 2004) ....................4

*Spagnola v. Chubb Corp.*, 264 F.R.D. 76 (S.D.N.Y. 2010) ....................5

*St. Clair Shores Gen. Emps. Ret. Sys. v. Eibeler*, 745 F. Supp. 2d 303 (S.D.N.Y. 2010) ....................11

*United States v. Bestfoods*, 524 U.S. 51 (1998) ....................8

*US Airways Grp., Inc. v. British Airways Plc*, 989 F. Supp. 482 (S.D.N.Y. 1997) ....................10

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 8(a) ....................1, 3, 4

Federal Rule of Civil Procedure 12(b)(6) ....................1

Federal Rule of Civil Procedure 9(b) ....................1, 3

Pursuant to Federal Rules of Civil Procedure 12(b)(6), 9(b) and 8(a), Defendant J.C. Flowers & Co. LLC ("JCF") respectfully submits this memorandum of law in support of its motion to dismiss with prejudice the Amended Complaint ("Complaint") of Sapere CTA Fund, L.P. ("Sapere").

## PRELIMINARY STATEMENT

Sapere seeks to hold JCF – the investment advisor to a fund that invested in MF Global Holdings Ltd. ("MFGH") – responsible for segregating customer funds at MFGH's subsidiary, MF Global, Inc. ("MFGI"). This theory is not plausible on its face, and Sapere alleges no facts to salvage it. Indeed, JCF is not mentioned a single time in the 70 pages and 110 paragraphs of "Factual Background" in Sapere's Complaint. Nor is JCF mentioned in the complaints filed after extensive investigation under subpoena power by the MFGH Chapter 11 Trustee, the MFGI SIPA Trustee, the U.S. Commodity Futures Trading Commission, and the plaintiffs in the Customer Class Action. The reason for that is simple: there are no facts to support Sapere's claims against JCF.

Unable to plead any facts tying JCF to the conduct alleged in the Complaint, Sapere instead lumps JCF together with twenty-two other "MFG Defendants" – all officers, directors, or employees of MFGH or MFGI – and alleges that it "has liability, directly and/or vicariously" for ten causes of action against twenty-three "MFG Defendants."[1] Compl. ¶ 4(r). This type of group pleading is plainly insufficient to state a claim under Federal Rule of Civil Procedure 8(a), much less Rule 9(b).

To the extent that Sapere's claims are based on a theory of direct liability, those claims fail because Sapere has not alleged that JCF was involved in the conduct alleged in the

---

[1] Sapere recently dismissed four of the original twenty-seven "MFG Defendants." *See* ECF No. 568.

Complaint. To the extent that Sapere's claims are based on a theory that JCF is vicariously liable for the alleged conduct of Defendant Jon Corzine ("Corzine"), MFGH's Chairman and CEO, and Defendant David Schamis ("Schamis"), a member of MFGH's Board of Directors, those claims fail for two reasons. First, for the reasons set forth in the Individual Defendants' Joint Memorandum and the Independent Directors' Supplemental Memorandum,[2] Sapere has failed to state a claim against either Corzine or Schamis. Second, Sapere has failed to make any non-conclusory allegations that Corzine and Schamis were JCF's agents in their roles at MFGH. For the reasons set forth below, as well as those stated in the Joint Memorandum and Independent Directors' Memorandum, Sapere's ten claims against JCF should be dismissed with prejudice.[3]

**THE COMPLAINT**

The only references to JCF in the Complaint are in Paragraph 4, in the section titled "Parties and Jurisdiction." There, Sapere incorrectly identifies JCF as both an actual MFGH shareholder and as an affiliate of an MFGH shareholder. Compl. at ¶¶ 4(a), 4(i). Minimal pre-suit research would have revealed that JCF was the investment advisor to a fund – J.C. Flowers II L.P. ("Fund II") – that was an MFGH shareholder.[4] The Complaint then alleges that JCF

---

[2] *See* Mem. of Law in Support of Individual Defs.' Mot. to Dismiss, dated Dec. 6, 2013 ("Joint Memorandum"); Mem. of Law in Further Support of Independent Directors' Mot. to Dismiss, dated Dec. 6, 2013 ("Independent Directors' Memorandum").

[3] Counts IV and V of the Complaint, both of which allege violations of the Commodity Exchange Act ("CEA") are the only claims not asserted against JCF. Compl. ¶¶ 137-70. Sapere has voluntarily dismissed without prejudice Count II (RICO) and Count III (RICO conspiracy). *See* ECF No. 568.

[4] *See* Ex. 1 at 15 (MFGH 14A Proxy Statement, July 7, 2011) (stating that JCF "act[ed] as an investment advisor to . . . limited partnerships that h[e]ld . . . [s]hares"); Ex. 2 (Exhibit 10.48 to MFGH 10-K June 13, 2008, incorporated by reference as Exhibit 10.18 to MFGH 10-K May 20, 2011) (May 20, 2008 Investment Agreement between MF Global Limited and J.C. Flowers II L.P.) ("Investment Agreement"). (Exhibits are the exhibits to the accompanying Declaration of David Gopstein.) The Investment Agreement is Exhibit 10.18 to MFGH's May 20, 2011 10-K (*See* Ex. 3), which, in addition to the July 7, 2011 Proxy Statement, is cited – and therefore incorporated by reference – in the Complaint (Compl. ¶¶ 4(b), 4(k), 4(l), 4(p), 9, 10, 33(t)). *Campo v. Sears Holdings Corp.*, 635 F. Supp. 2d 323, 328 (S.D.N.Y. 2009). The Investment Agreement and Proxy Statement are also filings with the Securities and Exchange Commission ("SEC"), of which the Court may take judicial notice. *Roussin v. AARP, Inc.*, 664 F. Supp. 2d 412, 415 (S.D.N.Y. 2009).

"conducted and/or participated in the affairs of the MF Global enterprise and has liability, directly and/or vicariously, for its liability and that of its agents, for unlawful and tortious acts and omissions in which any of its agents participated and/or for that which either of them did or failed to do in collaboration with others at J.C. Flowers." Compl. ¶ 4(r). In support, Sapere makes the following conclusory and insufficient allegations:

- First, Sapere alleges that David Schamis, a managing director at JCF, served on the MFGH Board of Directors as JCF's representative and "acted within the scope of his express, implied and apparent authority on behalf of J.C. Flowers." *Id.* at ¶ 4(r)(i).
- Second, the Complaint alleges that Jon Corzine, a former operating partner and advisor at JCF, "acted within the scope of his express, implied and apparent authority [on behalf of JCF]." *Id.* at ¶ 4(r)(ii). The Complaint also alleges that JCF selected Corzine to become Chairman and CEO of MFGH and that Corzine's "performance and recompense at J.C. Flowers have been reported as tied to [MFGH]." *Id.*
- Third, the Complaint alleges, upon information and belief, that Christopher Flowers, JCF's CEO, "directed . . . Schamis and directed and advised . . . Corzine and others at [MFGH]" about MFGH's business. *Id.* at ¶ 4(r)(iii).

Based on these conclusory allegations, Sapere asserts ten claims against JCF as one of the twenty-three "MFG Defendants."

## ARGUMENT

### I. STANDARD ON A MOTION TO DISMISS

To survive a motion to dismiss, a complaint must include factual allegations that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Under Federal Rule of Civil Procedure 8(a), a complaint must include factual allegations that "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Claims sounding in fraud are subject to Rule

9(b)'s heightened pleading requirements. *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 197-98 (2d Cir. 2013).

## II. SAPERE DOES NOT PLAUSIBLY ALLEGE DIRECT LIABILITY

The Complaint does not include any allegations to support Sapere's claim that JCF is "directly" liable "for its liability." Compl. ¶ 4(r). The only acts allegedly committed by JCF are (i) that it "selected" Corzine to be CEO of MFGH, and (ii) that, on information and belief, Christopher Flowers "and others" directed Corzine and Schamis about MFGH's business. Compl. ¶¶ 4(r). These allegations plainly depend on the alleged conduct of Corzine and Schamis and cannot constitute grounds for direct liability.[5]

## III. SAPERE DOES NOT PLAUSIBLY ALLEGE VICARIOUS LIABILITY

In order to state a claim for vicarious liability, Sapere must allege an underlying claim against an agent of JCF. *See, e.g.*, *Shapiro v. Kronfeld*, No. 00 Civ. 6286, 2004 WL 2698889, at *24 (S.D.N.Y. Nov. 24, 2004). For the reasons set forth in the Joint Memorandum and Independent Directors' Memorandum, Sapere has failed to state a claim against Corzine or Schamis. Its vicarious liability claims fail for that reason alone. Even if Sapere had plausibly

[5] To the extent Sapere claims that JCF is directly liable for the alleged conduct attributed in the Complaint to the group of twenty-three undifferentiated "MFG Defendants," those allegations provide no "plausible factual basis to distinguish the conduct of each of the defendants" and fall well short of Rule 8's pleading standards, let alone the heightened pleading standards that govern Sapere's actual fraud claim (Count IX). *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12 Civ. 2837, 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012) (citing *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001)). Moreover, the inclusion of JCF as an "MFG Defendant" results in allegations that are implausible on their face. *E.g.,* Compl. ¶ 63(b) (alleging that the "MFG Defendants" – including JCF – "filed reports" about MFGI's customer funds). It also results in allegations that are contrary to well-established law: as the investment advisor to a minority shareholder in MFGH, JCF did not owe a fiduciary duty (Count VII) to MFGH shareholders, let alone to customers of a subsidiary. *Cf. Binks v. DSL.net, Inc.*, C.A. No. 2823-VCN, 2010 WL 1713629, at *11 (Del. Ch. Apr. 29, 2010) ("A shareholder does not owe fiduciary duties to the company's other shareholders unless 'it owns a majority interest or exercises control over the business affairs of the corporation.'") (quoting *Ivanhoe Partners v. Newmont Mining Corp.*, 555 A.2d 1334, 1344 (Del. 1987)); *American Fin. Int'l Grp.-Asia, L.L.C. v. Bennett*, No. 05 Civ. 8988, 2007 WL 1732427, at *4 (S.D.N.Y. June 14, 2007) ("Under New York law there is no fiduciary duty owed to the investing public, or to the customers of a corporation by a controlling shareholder, officer, or director of a corporation.") (quoting *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, No. 97 Civ. 4978, 1999 WL 47223, at *6 (S.D.N.Y. Feb. 3, 1999)) (internal quotation marks omitted).

alleged claims against Corzine or Schamis, its vicarious liability claims would fail because Sapere does not (and cannot) plausibly allege that either Corzine or Schamis were JCF's agents in their roles at MFGH.

### A. Sapere Does Not Plausibly Allege That Corzine Was JCF's Agent

An agent can have actual or apparent authority to bind a principal. In order to establish actual authority, a plaintiff must show "(1) the manifestation by the principal that the agent shall act for him; (2) the agent's acceptance of the undertaking; and (3) an understanding between the parties that the principal is in control of the undertaking." *Nuevo Mundo Holdings v. Pricewaterhouse Coopers LLP*, No. 03 Civ. 0613, 2004 WL 112948, at *4 (S.D.N.Y. Jan. 22, 2004). In order to establish apparent authority, a plaintiff must demonstrate "words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction on behalf of the principal." *Cromer Fin. Ltd. v. Berger*, 137 F. Supp. 2d 452, 486 (S.D.N.Y. 2001) (quoting *Standard Funding Corp. v. Lewitt*, 656 N.Y.S.2d 188, 191 (1997)) (internal quotation marks omitted). "[C]ourts routinely dismiss claims based on agency theory where the pleadings contain insufficient allegations in that regard." *Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 88 (S.D.N.Y. 2010) (citing cases). Sapere's conclusory allegations of agency lack support in the Complaint, are contradicted by publicly available documents, and are contrary to well-established principles of corporate law: it is clear that when Corzine acted as MFGH's CEO, he did so on behalf of MFGH – not JCF.

#### 1. Actual Authority

Sapere's allegations of actual authority are implausible because Sapere does not allege that JCF expressly or impliedly authorized Corzine to do anything on its behalf in his role at

MFGH.[6] This is not surprising: Corzine's publicly available agreements with JCF and MFGH provided that Corzine would *not* represent JCF in his role at MFGH. *See* Ex. 4 at 2 (Exhibit 10.1 to MFGH 8-K Mar. 23, 2010) (Mar. 23, 2010 Employment Agreement between Corzine and MFGH) ("It is further understood and agreed that, in serving as an officer and/or director of MF Global, you are not doing so as a representative or designee of JCF."); Ex. 5 at 2 (Exhibit 10.1 to MFGH 8-K Mar. 4, 2011) (Mar. 1, 2011 Amended and Restated Employment Agreement between Corzine and MFGH) (same); Ex. 6 at 2 (Exhibit 10.2 to MFGH 8-K Mar. 23, 2010) (Mar. 23, 2010 Letter Agreement between Corzine and JCF) ("[I]n serving as an officer and/or director of MF Global, you are . . . not doing so as a representative or a designee of JCF or any of its affiliates.").[7] With respect to his role at JCF, Corzine's agreement with JCF stated that he acted "solely as an advisor to JCF"; that "[n]othing in [the contract] shall be construed to establish an employer-employee relationship"; and, finally, "[f]or the avoidance of doubt, [that Corzine] will not be an employee or agent of . . . JCF, nor hold [himself] out as a partner of JCF." *Id.*

These unambiguous disavowals of an agency relationship confirm the only plausible inference that can be drawn from the Complaint – namely, that in his role at MFGH, Corzine did not have actual authority to bind JCF. *See, e.g.*, *Butto v. Collecto Inc.*, 802 F. Supp. 2d 443, 449 (E.D.N.Y. 2011) (finding no agency relationship where agreement included "express disavowal" of agency); *Prop. Advisory Grp., Inc. v. Bevona*, 718 F. Supp. 209, 211 (S.D.N.Y. 1989) ("An

---

[6] Actual authority can be express or implied. *Cromer*, 137 F. Supp. 2d at 486. "[I]n either case it exists only where the agent may reasonably infer from the words or conduct of the principal that the principal has consented to the agent's performance . . . ." *Dinaco, Inc. v. Time Warner, Inc.*, 346 F.3d 64, 68 (2d Cir. 2003) (quoting *Minskoff v. Am. Express Travel Related Servs. Co.*, 98 F.3d 703, 708 (2d Cir. 1996)).

[7] Corzine's contracts with JCF and MFGH were all publicly filed with the SEC. Corzine's contract with JCF and amended contract with MFGH also were exhibits incorporated by reference to MFGH's 2011 Form 10-K (*see* Ex. 3 at 136, Exs. 10.25 - 10.26), which is quoted in the Complaint. Compl. ¶¶ 9, 33(t).

express agency relationship did not exist between [alleged principal and agent] because their contract specifically limited the power of the [agent] to bind the [principal] . . . ."). Sapere alleges no facts to the contrary.

### 2. Apparent Authority

Sapere's allegation of apparent authority fares no better. "[T]he existence of apparent authority depends upon a factual showing that the third party relied upon the misrepresentations of the agent because of *some misleading conduct on the part of the principal*—not the agent." *Adams v. Labaton, Sucharow & Rudoff LLP*, No. 07 Civ. 7017, 2009 WL 928143, at *4. (S.D.N.Y. Mar. 20, 2009) (emphasis in original) (quoting *Herbert Const. Co. v. Continental Ins. Co.*, 931 F.2d 989, 993 (2d Cir. 1991)) (internal quotation marks omitted). Sapere's apparent authority claim fails because the Complaint does not allege that JCF did anything to create the appearance that Corzine had authority to act on JCF's behalf in his role at MFGH; that Corzine made any representation suggesting he was acting on JCF's behalf;[8] or that Sapere (or anyone) relied on any appearance of authority. *See, e.g.*, *id.* at *4-5 (dismissing complaint that failed to plead that alleged principal created appearance of authority); *LaCourte v. JP Morgan Chase & Co.*, No. 12 Civ. 9453, 2013 WL 4830935, at *6 (S.D.N.Y. Sept. 4, 2013) (granting motion to dismiss where "nothing in the [complaint] remotely suggest[ed] that [plaintiff] ever reasonably relied on any appearance" of authority).[9]

---

[8] Indeed, the Complaint's Factual Background refers to Corzine 76 times, but not once to JCF.

[9] The Complaint's allegation that Corzine's "recompense at [JCF] ha[s] been reported as tied to [MFGH]" has no bearing on the existence of an agency relationship and is insufficient to establish that JCF exercised control over Corzine in his role at MFGH. *Cf. In re Parmalat Sec. Litig.*, 501 F. Supp. 2d 560, 589 (S.D.N.Y. 2007) (dismissing agency claims where complaint alleged principal "paid the salaries and benefits" of alleged agents). In any event, MFGH's July 7, 2011 Proxy Statement, cited in the Complaint, explained that "[p]ursuant to his contract with [JCF], Mr. Corzine will not receive any salary or benefits from [JCF]" and further stated that Corzine "ha[d] a financial interest as a limited partner in certain of [JCF's] investment management entities (none of which presently are investors in [MFGH])." Ex. 1. at 15. Corzine's financial interest in certain funds was set forth in his letter agreement with JCF. Ex. 6 at 2.

### 3. Role at JCF

Sapere's theory appears to be that JCF is vicariously liable for all of Corzine's conduct at MFGH because Corzine was an "operating partner and advisor" at JCF. Compl. ¶ 4(a). This is plainly insufficient to allege agency. There is a "presumption that directors with affiliations to more than one corporation 'change hats' in order to fulfill their obligations to each entity." *Fried v. LVI Servs., Inc.*, No. 10 Civ. 9308, 2011 WL 2119748, at *5 (S.D.N.Y. May 23, 2011).[10] Courts regularly apply this principle to dismiss agency claims. *See, e.g.*, *id.* at *5-6 (dismissing agency claims against private equity fund and corporation based on conduct of their representatives on board of directors of another company); *Bavaria Int'l Aircraft Leasing GMBH v. Clayton, Dubilier & Rice, Inc.*, No. 03 Civ. 0377, 2003 WL 21767739, at *3 (S.D.N.Y. July 30, 2003) (dismissing agency claims against private equity company based on conduct of its principal operating partner in his role as chairman of company in which defendant had 75% interest); *In re Parmalat*, 501 F. Supp. 2d at 588-89 (dismissing agency claims where alleged agent and principal shared a CEO and CFO). The principle of "changing hats" is even stronger here, where there is not only no common ownership but also multiple publicly filed agreements – signed by the alleged principal (JCF), the alleged agent (Corzine), and the entity (MFGH) – disavowing an agency relationship, and no factual allegations suggesting otherwise.

## B. Sapere Does Not Plausibly Allege That Schamis Was JCF's Agent

Sapere also alleges that JCF is vicariously liable for the conduct of David Schamis in his capacity as an MFGH director. Compl. ¶ 4(r)(i). Sapere's vicarious liability claims against an

[10] This presumption is based on the "well established principle [of corporate law] that directors and officers holding positions with a parent and its subsidiary can and do 'change hats' to represent the two corporations separately, despite their common ownership." *United States v. Bestfoods*, 524 U.S. 51, 69 (1998) (alteration in original) (quoting *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 779 (5th Cir. 1960)) (internal quotation marks omitted).

investment advisor (JCF) to an investor (Fund II) in a parent company (MFGH) based on unspecified conduct of a director (Schamis) of that parent company fail for two reasons.

First, for the reasons stated in the Joint Memorandum and Independent Directors' Memorandum, Sapere has failed to state a claim against Schamis, who is never mentioned in the Complaint's Factual Background. Second, the Complaint does not plausibly allege that Schamis was JCF's agent in his role at MFGH. Sapere's conclusory allegation, on information and belief, that Christopher Flowers "and others of the firm directed" Schamis (and Corzine) about aspects of MFGH's business having nothing to do with the segregation of customer funds is insufficient to plausibly allege agency, much less agency with respect to the segregation of customer funds at MFGI.[11] *See, e.g.*, *Cromer*, 137 F. Supp. 2d at 487 (finding claim that defendant "owned and controlled" alleged agent "insufficient to allege actual authority"); *Cannon v. Douglas Elliman*, No. 06 Civ. 7092, 2007 WL 4358456, at *5 (S.D.N.Y. Dec. 10, 2007) (dismissing agency claims where there was "no allegation that [defendant] controlled, or even affected, [alleged agent's] conduct with respect to [the alleged wrongdoing]"). The allegation, also on information and belief, that Schamis "reported to" Christopher Flowers is similarly unavailing. *Muang Ng We & Massive Atlantic Ltd. v. Merrill Lynch & Co.*, No. 99 CIV. 9687, 2000 WL 1159835, at *6-7 (S.D.N.Y. Aug. 15, 2000) (dismissing agency claim where complaint alleged that agent "conferred with" the principal, who "authorized and ratified" conduct); *Fried*, 2011 WL 2119748, at *6 (finding "assertion that [defendant's board representative] conferred with the

[11] "Though a plaintiff may plead facts alleged upon information and belief where the belief is based on factual information that makes the inference of culpability plausible, such allegations must be accompanied by a statement of the facts upon which the belief is founded." *Munoz-Nagel v. Guess, Inc.*, No. 12-CV-1312, 2013 WL 1809772, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010); *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 385 (S.D.N.Y. 2006)); *see also Anastasia Int'l, Inc. v. EM Online Pty Ltd.*, No. 13 Civ. 2919, 2013 WL 5550211, at *2-3 (S.D.N.Y. Oct. 4, 2013) (dismissing agency claim based on "conclusory allegations" made on "information and belief").

President of Defendant . . . simply insufficient to rebut the presumption that" the board representative did not act as defendant's agent).

At bottom, Sapere merely states that Schamis is an officer at JCF and inaccurately alleges that Schamis was JCF's representative on the MFGH Board.[12] These allegations are insufficient to state a vicarious liability claim. *See, e.g.*, *id.* at *5 (dismissing vicarious liability claim under Delaware law based on conduct of minority shareholders' representatives on board of corporation); *US Airways Grp., Inc. v. British Airways Plc*, 989 F. Supp. 482, 494 (S.D.N.Y. 1997) ("[T]he imposition of respondeat superior liability on a corporation for breach of fiduciary duty by its directors on the board of another corporation would completely undermine Delaware corporate law . . . ."); *Global Crossing Estate Representative v. Winnick*, 04 Civ. 2558, 2006 WL 2212776, at *20-21 (S.D.N.Y. Aug. 3, 2006) (holding that, under New York law, shareholders were not vicariously liable for conduct of board designees); *see also In re Global Crossing, Ltd. Sec. Litig.*, No. 02 Civ. 910, 2005 WL 1881514, at *6 (S.D.N.Y. Aug. 5, 2005) (dismissing federal securities claims based on vicarious liability and stating that "the power to appoint a representative to the [] board, even combined with minority shareholder status, is insufficient to raise the inference that [defendants] controlled [their employees who were board appointees]").[13] In the absence of any non-conclusory allegations that Schamis was JCF's agent in his role at

[12] Schamis was Fund II's representative on the Board; not JCF's. *See* Ex. 2 at 21 (Investment Agreement) (defining "Investor Representative" as individual that Fund II had "the right to designate . . . to serve as director[] on the [MFGH] board of directors").

[13] Because MFGH is a Delaware corporation, Delaware law "governs the question of whether liability may be imposed on [MFGH's] shareholders." *Fried*, 2011 WL 2119748, at *5 (applying Delaware law to question of whether shareholder could be vicariously liable for alleged conduct of its representative on board of Delaware corporation); *US Airways*, 989 F. Supp. at 494 (same). Although JCF was the investment advisor to Fund II, the Complaint alleges that JCF was a shareholder and seeks to hold JCF liable for the conduct of its alleged representative on the MFGH Board. In any event, Sapere's vicarious liability claims fail under both Delaware and New York law, as set forth by the authority cited above.

MFGH, and in light of the presumption that directors "change hats" at different companies, Sapere cannot impose liability on JCF by virtue of Schamis' unidentified conduct at MFGH.[14]

## CONCLUSION

Despite Sapere's reliance on the MFGI Trustee's report (*see, e.g.*, Compl. ¶¶ 38, 45) and access to the MFGH Trustee report, it has not and cannot make any factual allegations suggesting that JCF was involved in the conduct alleged in the Complaint. Under these circumstances, and in light of Sapere's multiple amendments to its complaint, repleading would be futile. *See St. Clair Shores Gen. Emps. Ret. Sys. v. Eibeler*, 745 F. Supp. 2d 303, 316 (S.D.N.Y. 2010). For the reasons set forth above, as well as those stated in the Joint Memorandum and Independent Directors' Memorandum, Sapere's claims against JCF should be dismissed with prejudice.

Dated: New York, New York
December 6, 2013

DEBEVOISE & PLIMPTON LLP

By: /s/ Maeve O'Connor
Maeve O'Connor (mloconnor@debevoise.com)
Helen V. Cantwell (hvcantwell@debevoise.com)
David Gopstein (dgopstein@debevoise.com)
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendant J.C. Flowers & Co. LLC*

[14] Sapere asserts two "aiding and abetting" claims against the MFG Defendants. Sapere's aiding and abetting CEA violations claim (Count VI) fails because the Complaint does not allege that JCF had any knowledge of a primary violation, let alone intent to further a violation. *See In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 181-83 (2d Cir. 2013) (aiding and abetting CEA violation requires intent to bring about violation). Joint Mem. at 15-17; Independent Directors' Mem. at 6-7. Sapere's aiding and abetting tortious conduct claim (Count XIV) fails because the Complaint does not allege that JCF had knowledge of any tortious conduct or that that it knowingly induced or participated in such conduct. *In re Sharp Int'l Corp.*, 403 F.3d 43, 49 (2d Cir. 2005).